In the Matter of SERIAL No. ROP 401, 2222 FOREST AVENUE CORPORATION, Respondent, v STATE LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority which, after a hearing, disapproved petitioner's application for a special on-premises liquor license, the appeal is from a judgment of the Supreme Court, Richmond County, entered July 9, 1979, which granted the application and directed that a license be issued to the petitioner. Judgment reversed, on the law, with costs, determination confirmed, and proceeding dismissed on the merits. In our opinion, the determination of the authority was neither arbitrary nor capricious. It was based upon substantial evidence in the record. The bulk of the $24,859 investment in the business consisted of borrowed funds, including $10,600 from Sipam Corporation. However, no information was submitted as to the ultimate source of certain funds loaned to Sipam and by Sipam to petitioner. This constituted ample reason for the authority to deny the application. As the Appellate Division, First Department, stated in *Matter of Bruno-Mario Rest. Corp. v State Liq. Auth.* (29 AD2d 518): "The experience of the State Liquor Authority has been that financially unsound premises tend to encourage breaches of the law in order to survive. Sound public policy therefore requires an inquiry into an applicant's financial responsibility and as to the source of its funds." Additional reason for the authority's denial stemmed from the applicant's lack of experience in the restaurant and liquor busi-

ness, coupled with the fact that its proposed manager had been convicted in 1975 of several misdemeanor counts of tax evasion arising out of the operation of a restaurant business. It is noteworthy that the proposed manager was listed as a signatory on the business checking account. The authority, then, properly concluded that it would be "unsatisfactory" to grant a liquor license to an establishment which would, in effect, be operated and managed by one who recently had proved to be untrustworthy in this field. Hopkins, J. P., Damiani, Cohalan and Gibbons, JJ., concur.